UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ x

In re:                                                          Case No.: 18 - 23417(rdd)

    Benjamin Klein,                                  Chapter: 13

               Debtor.

------------------------------------------------ x

**ORDER CONFIRMING THAT AUTOMATIC STAY
DOES NOT APPLY TO ENTRY OF JUDGMENT OF DIVORCE
BUT TO ENFORCEMENT OF CERTAIN PROVISIONS THEREOF**

      Upon the request of Esther Klein, by her counsel Nathan Horowitz, Esq., dated January 22, 2019 (the "Request"), seeking an order pursuant to 11 U.S.C. §§ 105 and 362(b)(2) confirming that the automatic stay under 11 U.S.C. § 362(a) is inapplicable to the entry of a Judgment of Divorce, as contemplated by the Trial Decision of the Honorable Robert M. Berliner, of the Rockland County Supreme Court, dated June 13, 2018, a copy of which is attached to the Request (the "Decision"); and upon all of the proceedings herein; and after due deliberation, the Court having determined that the Request should be granted as provided herein; and no additional notice or hearing being required, it is hereby

      **ORDERED** that pursuant to 11 U.S.C. § 362(b)(2)(ii), (iii) and (iv), the automatic stay under 11 U.S.C. § 362(a) does not apply to the submission to, and entry by, the Rockland County Supreme Court of a Judgment of Divorce pursuant to the Decision, as far as such Judgment of Divorce relates to (a) the dissolution of the marriage referred to in the Decision, (b) the establishment or modification of maintenance and child support, and (b) custody and visitation; and it is further

      **ORDERED,** that to the extent the Decision makes determinations as to property division, including the division of proceeds from the sale of the former marital residence, a Judgment of Divorce pursuant to such provisions of the Decision may be entered notwithstanding the possible application thereto of the automatic stay under 11 U.S.C. § 362(a); <u>provided</u>, that such Judgment of Divorce shall specify that the implementation of such provisions are subject to the automatic stay under 11 U.S.C. § 362(a) and any

Chapter 13 plan confirmed by this Court in this case and, further, that that upon (a) the dismissal of this bankruptcy case before performance of a Chapter 13 plan, or (b) other further order of this Court terminating the automatic stay under 11 U.S.C. § 362(a) as it pertains to such provisions, such provisions shall be binding upon the parties.

Dated: January 25, 2019
      White Plains, New York

/s/ Robert D. Drain
Hon. Robert D. Drain
United States Bankruptcy Judge